[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14860

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:19-cr-00185-WTM-CLR-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Michael Wilson appeals his 180-month prison sentence for attempting to entice a minor to engage in unlawful sexual activity. He contends that the court abused its discretion by running his sentence consecutively to an anticipated sentence on military charges involving a different victim, and that the sentence is otherwise substantively unreasonable. After careful review, we affirm.

## I.

In July 2020, Wilson pled guilty under a written plea agreement to attempting to coerce and entice a 12-year-old minor, identified by the initials of S.B., to engage in the crime of child molestation, in violation of 18 U.S.C. § 2422(b). A probation officer prepared a presentence investigation report ("PSR") before Wilson's sentencing in December 2020.

According to undisputed facts in the PSR, Wilson met S.B., a neighbor and friend of his daughter, in 2017. Soon after, he began engaging in grooming behaviors, such as complimenting her appearance, giving her a bracelet, relating to her interests, and making physical contact. In March 2019, he persuaded S.B. to have sex with him at a residence that was under construction in the neighborhood. After that event, he spoke with S.B. on the phone multiple times and repeatedly attempted to persuade her to have anal

sex. These phone calls formed the basis for the offense to which he pled guilty.

Separately, the U.S. Army investigated Wilson, then a Staff Sergeant, and charged him with several violations of the Uniform Code of Military Justice for sexually abusing his daughter beginning in August 2012. The details regarding this conduct were outlined in a separate section of the PSR entitled "Offense Behavior Not Part of Relevant Conduct."

The PSR calculated Wilson's recommended guideline range, starting with a base offense level of twenty-eight and applying three two-level enhancements based on characteristics of the offense conduct. *See* U.S.S.G. §§ 2G1.3(a)(3), (b)(2)(B), (b)(3)(B), and (b)(4)(A). The PSR also applied a five-level enhancement under U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct, describing Wilson as a "repeat and dangerous sex offender against minors." After a three-level reduction for acceptance of responsibility, Wilson's total offense level was 36. With a criminal history category of I, the recommended guideline range was 188 to 235 months. The probation officer recommended a sentence of 200 months consecutive to any sentence on the "unrelated pending military charges."

Before sentencing, Wilson filed a sentencing memorandum in which he argued, among other things, that the district court should impose his sentence to run concurrent with any sentence in the military proceeding under U.S.S.G. § 5G1.3(c). He acknowledged that § 5G1.3(c), by its terms, applied to anticipated *state*

sentences and was silent about anticipated *military* sentences, but he contended it would be "fair and just and promote uniformity" to apply the same rules in this case.

At sentencing, the district court adopted the PSR's factual statements and guideline calculations, setting the guideline range at 188 to 235 months. Both parties recommended a sentence of 150 months, as agreed upon in the plea agreement. After stating that it had considered the PSR, the parties' submissions and arguments, statements from Wilson and victims, and the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Wilson to 180 months of imprisonment to run "consecutively to any sentence which may be imposed on the unrelated pending military charges." The court expressly cited several mitigating and aggravating factors which influenced its decision, including the plea agreement, Wilson's military service and education, the seriousness of the offense conduct, and the need to protect minors from further crimes by Wilson. Wilson objected generally that the "sentence was procedurally and substantively unreasonable." Wilson now appeals.

## II.

Wilson makes two arguments on appeal. First, he contends that the district court failed to consider U.S.S.G. § 5G1.3(c) or to make sufficient findings regarding whether the sentence should be consecutive or concurrent to the anticipated military sentence. And second, he maintains that the sentence is greater than necessary to serve the purposes of sentencing.

In general, "[w]e review de novo the district court's interpretation and application of the Sentencing Guidelines, and we review its underlying factual findings for clear error." *United States v. Stines*, 34 F.4th 1315, 1318 (11th Cir. 2022). We review the reasonableness of the sentence ultimately imposed under a deferential abuse-of-discretion standard. *United States v. Rodriguez*, 34 F.4th 961, 969 (11th Cir. 2022).

Ordinarily, the district court retains wide discretion to run sentences concurrently or consecutively to achieve a reasonable punishment for the instant offense. *See* 18 U.S.C. § 3584; *Setser v. United States*, 566 U.S. 231, 236–37 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings."). Section 5G1.3 of the guidelines outlines certain circumstances that may call for an exercise of that discretion one way or the other. *See United States v. Henry*, 1 F.4th 1315, 1320, 1326 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 814 (2022) (holding that § 5G1.3, like all guidelines, is merely advisory during an initial sentencing, but that courts must "properly consider the Guidelines' advisory recommendation").

As relevant here, § 5G1.3(c) addresses anticipated state sentences. It states that the district court should impose a concurrent sentence when a "state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1),

(a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 5G1.3(c). In other words, if a federal offense covers the same conduct as a state offense, the two sentences should run together. *See, e.g.*, *United States v. Bidwell*, 393 F.3d 1206, 1209–10 (11th Cir. 2004) (explaining that § 5G1.3 seeks "to provide one, uniform punishment for the same criminal activity" (quotation marks omitted)).

In Wilson's view, § 5G1.3(c) calls for a sentence concurrent to the anticipated military sentence because the conduct underlying the military charges was relevant conduct that affected his guideline in this case. We disagree. To begin with, as Wilson appears to concede, § 5G1.3(c) does not apply by its express terms because it speaks to only anticipated "state term[s] of imprisonment" and is silent about anticipated military sentences.

To the extent that policy considerations favor applying § 5G1.3(c)'s rule to anticipated military sentences as well, it still would not apply here because the military charges were not based on "relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3." U.S.S.G. § 5G1.3(c). The military charges involved a different victim and different conduct, which predated the offense conduct.[1] They were neither based on conduct that "occurred during the commission of the offense of conviction" nor "part of the same

---

[1] Wilson's claim that the military charges also covered his conduct against S.B. is contradicted by undisputed factual statements in the PSR, such as "the alleged victim of [the military charges] is his daughter."

course of conduct or common scheme or plan as the offense of con-viction." *See id.* § 1B1.3(a). Accordingly, even if we assume § 5G1.3(c) applies to anticipated military sentences, it does not call for a concurrent sentence in this case.

Wilson responds that the conduct underlying the military charges increased his guideline range through § 4B1.5's pattern en-hancement. Even assuming that's true, though, it does not mean the district court erred.[2] Although the guideline range is ordinarily based solely on relevant conduct, certain guideline provisions need not be. *See* U.S.S.G. § 1B1.3(b) ("Factors in Chapters Four and Five that establish the guideline range shall be determined on the basis of the conduct and information specified in the respective guide-lines.").

The pattern enhancement is one such provision that permits a court to consider conduct unrelated to the offense of conviction. *See* U.S.S.G. § 4B1.5, cmt. n.4(B)(ii) (stating that "an occasion of prohibited sexual conduct" may be considered under § 4B1.5 "without regard" to whether it "occurred during the course of the instant offense"). It adopts that wider scope with the goal of im-posing more severe sentences on those who "present a continuing

---

[2] We need not resolve whether, as the government asserts, the pattern en-hancement was based solely on conduct related to the victim in the offense of conviction. Even assuming Wilson is correct that it was based in part on con-duct involving the victim in the military charges, which strikes us as the more natural reading of the PSR, given its detailed recitation of the conduct under-lying those charges, that fact alone would not call for a concurrent sentence.

danger to the public." *See* U.S.S.G. § 4B1.5, cmt. (backg'd). The fact that the prior unrelated sexual abuse affected Wilson's guideline range through the pattern enhancement does not mean that he was being sentenced for that conduct, such that § 5G1.3(c) would call for a concurrent sentence. Rather, the pattern enhancement was imposed based on Wilson's potential for recidivism, not as punishment for the underlying conduct.

We reject Wilson's claim that the military charges played any role in the other guideline enhancements. The details underlying those charges were set out in a separate section of the PSR that followed the guideline calculations and made clear that those details were "Not Part of Relevant Conduct," which is consistent with what we just said about the pattern enhancement. Also, the district court expressly found at sentencing that the military charges were "unrelated." Moreover, Wilson makes no argument that his conduct involving S.B. alone did not justify the enhancements for unduly influencing a minor to engage in prohibited sexual conduct, using a computer or interactive computer service, or committing a sex act. *See* U.S.S.G. § 2G1.3(b). Because Wilson's reading of the PSR is strained, unnecessary, and contradicted by the record, we do not adopt it.

Finally, the record shows that the district court properly exercised its discretion not to impose a concurrent sentence and adequately explained its reasons for doing so. Because the military charges were not based on relevant conduct to the federal offense, this case does not raise concerns about imposing multiple

20-14860              Opinion of the Court                    9

punishments for the same criminal activity.  *See Bidwell*, 393 F.3d at 1209–10.  And the district court recognized as much, explaining that it had considered the parties' arguments, including Wilson's sentencing memorandum addressing § 5G1.3, and finding that the military charges were "unrelated" to the offense of conviction.  The court also cited various other § 3553(a) factors in support of its conclusion that a consecutive sentence of 180 months was appropriate for Wilson's conduct and circumstances, including the nature of the offense, his history and characteristics, the PSR, and the need for the sentence to reflect the severity of the offense, promote respect for the law, and protect the public.  In our view, the court sufficiently showed that it had considered the parties' arguments and had a reasoned basis for exercising its discretion to impose a sentence of 180 months consecutive to any sentence for the military offenses.  *See Rita v. United States*, 551 U.S. 338, 356–58 (2007).

The 180-month sentence was also substantively reasonable.  "We review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *Henry*, 1 F.4th at 1327.  And "[w]e may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

The district court did not abuse its discretion.  The court expressly considered the § 3553(a) factors, including Wilson's military

service, his acceptance of responsibility through the plea agreement, the severity of his offense and relevant conduct—which included the statutory rape of a 12-year-old child—and the danger Wilson posed to the community "as a dangerous and repeated sex offender against minors." Wilson claims that the court failed to consider that other defendants have received lesser sentences for similar conduct. But the court was "not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence," *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021), and Wilson fails to provide details that would permit a meaningful comparison to those defendants, such as their guideline ranges. Moreover, the court's choice of sentence was well-supported by the record and reasonable under the circumstances. *See, e.g.*, *United States v. Mozie*, 752 F.3d 1271, 1289 (11th Cir. 2014) (recognizing that "child sex crimes are among the most egregious and despicable of societal and criminal offenses," which justifies "severe sentences in these cases" (cleaned up)).

For these reasons, we affirm Wilson's 180-month sentence.

**AFFIRMED.**